MARK R. CONRAD (CA Bar No. 255667)
WARREN METLITZKY (CA Bar No. 220758)
JESSICA LANIER (CA Bar. No. 303395)
**CONRAD METLITZKY KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conmetkane.com
Email: wmetlitzky@conmetkane.com
Email: jlaner@conmetkane.com

JAMES D. WEINBERGER (admitted *pro hac vice*)
PARER C. EUDY (admitted *pro hac vice*)
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
151 West 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901
Email:  jweinberger@fzlz.com
Email:  peudy@fzlz.com

*Attorneys for Plaintiffs*

[Defense counsel information on following page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAGE GLOBAL SERVICES LIMITED; SAGE SOFTWARE, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>4TH PARADIGM (BEIJING) TECHNOLOGY CO., LTD.,<br><br>*Defendant*. | Case No. 5:23-CV-04534-BLF<br><br>**JOINT PLAN AND SCHEDULE FOR JURISDICTIONAL DISCOVERY** |

DIANA M. RUTOWSKI (STATE BAR NO. 238878)
drutowski@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile:    +1 650 614 7401

XIANG WANG (NY STATE BAR NO. 4311114)
Appearance Pro Hac Vice
xiangwang@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
5701 China World Tower A
No.1 Jianguomenwai Avenue
Beijing 100004
People's Republic of China
Telephone: +86 10 8595 5600
Facsimile:    +86 10 8595 5700

LINDSAY MICHELLE RINDSKOPF (NY STATE BAR NO. 5766985)
Appearance Pro Hac Vice
lrindskopf@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile:    +1 212 506 5151

*Attorneys for Defendant*

Pursuant to the Court's order at the motion hearing held on November 8, 2024, and minute entry regarding the same (ECF No. 44), Plaintiffs Sage Global Services Limited and Sage Software, Inc. ("Plaintiffs") and Defendant 4th Paradigm (Beijing) Technology Co., Ltd. ("Defendant"), having conferred through their respective counsel of record, hereby respectfully submit this JOINT PLAN AND SCHEDULE FOR JURISDICTIONAL DISCOVERY.

## I.   Background

On June 13, 2024, Defendant filed a motion to dismiss for lack of personal jurisdiction (ECF No. 32, hereinafter, the "Motion"). On November 8, 2024, after the Motion was fully briefed, the Court held a hearing on the Motion. (*See* ECF No. 42.) At the hearing, the Court granted the

Motion without prejudice, granted Plaintiffs' request to conduct narrowly-tailored discovery focused on personal jurisdiction and afforded time for Plaintiffs to seek leave to amend the complaint after conducting limited jurisdictional discovery. The Court also contemplated that Defendant could take limited discovery into Plaintiffs' allegation that Defendant should have known that any alleged harm was likely to be suffered in California. The parties met and conferred by email and telephone on November 15, 2024. The Parties have agreed to a schedule for jurisdictional discovery and set forth their respective proposals regarding a plan for jurisdictional discovery below in lieu of making multiple filings.

## II.      Discovery Plan

*Plaintiff's Position***:** Plaintiffs are entitled to serve discovery requests (no more than ten (10) requests for production and ten (10) interrogatories) narrowly focused on whether the Court may exercise personal jurisdiction over Defendant in this action. Any discovery served during this jurisdictional phase of the case shall not count against any discovery limits imposed by the Federal Rules of Civil Procedure during the merits phase of the litigation. In addition, Plaintiffs are entitled to take one 30(b)(6) deposition of Defendant after completion of written discovery (including document production).

As the Court can see from Defendant's position below, Defendant seeks to limit Plaintiffs to discovery on the jurisdictional allegations set forth in the Complaint as opposed to those facts which may exist but were not known or available to Plaintiffs at the time the Complaint was filed, including the statements made by Defendant's declarant in its reply on the motion to dismiss. Plaintiffs submit that, while they are well aware of the limitations associated with jurisdictional discovery, those limitations are not so narrow as to only give Plaintiffs the opportunity to determine if the existing allegations can be substantiated; rather, Plaintiffs should be given the ability to explore the jurisdictional issue fully so that they may either amend their pleading to add jurisdictional allegations based on the discovery they obtain, or, if not, leave the Complaint as is in which case their claims will be dismissed. (Nor do Plaintiffs believe that the Court ordered the parties to provide the Court with their specific proposed discovery requests in advance of serving them, as Defendant has chosen to do below.)

With respect to the interrogatories Defendant proposes to serve on Plaintiffs, Plaintiffs are amenable to these in principle, except to the extent they plainly go to facts within *Defendant's* knowledge, and not Plaintiffs', *i.e.*, facts supporting the allegation that "defendant must have known the brunt of the harm was likely to be suffered in the forum state" as set forth in item 1.c, below.

Plaintiffs have no objection to a deposition on their interrogatory responses.

***Defendant's Position*:** Without reviewing Plaintiffs' proposed discovery requests, Defendant cannot stipulate that ten (10) Requests for Production and ten (10) Interrogatories are reasonable or tailored to jurisdictional discovery—in fact, those numbers sound unreasonably high in light of the limited nature of jurisdictional discovery. Defendant's position is that the scope of jurisdictional discovery should be limited to the jurisdictional allegations in the Complaint and thus limited to the following topics:

1. Agreements with, presentations to, marketing materials exchanged with investors that 4Paradigm knows to be in California that reference SAGE (*see* Compl. ¶¶ 3, 23, ECF No. 1);
2. Agreements with, presentations to, marketing materials exchanged with research institutions that 4Paradigm knows to be in California that reference SAGE (*see* Compl. ¶ 3, ECF No. 1);
3. Agreements with, and documents sufficient to show services delivered in California to Yescom USA, Inc. that reference SAGE (*see* Compl. ¶ 21, ECF No. 1);
4. Documents sufficient to show sales, provision, or deployment of SAGE-branded services in California by 4Paradigm (*see* Compl. ¶¶ 3, 19, ECF No. 1).

To the extent that the Court grants Plaintiffs' proposal, Defendant reserves the right to object to the discovery requests Plaintiffs plan to serve on December 6, 2024, including but not limited to the extent they seek documents and information beyond the four topics outlined above.

Defendant seeks the following limited discovery into Plaintiffs' allegation that "the threatened and actual harm to Sage occurred in this District, as Sage maintains offices at 300 Park Avenue Unit 1400, San Jose, California 95110" in paragraph 4 of the Complaint (ECF No.

1) and their assertion that "defendant must have known the brunt of the harm was likely to be suffered in the forum state" on page 4 of their Opposition to Defendant's Motion to Dismiss (ECF No. 38):

1. Interrogatories:
    a. Provide the factual basis for Plaintiffs' assertion that "the threatened and actual harm to Sage occurred in this District, as Sage maintains offices at 300 Park Avenue Unit 1400, San Jose, California 95110" in paragraph 4 of the Complaint.
    b. Identify the "offices in the United States, including but not limited to in this District" alleged in paragraph 5 of the Complaint, including the entity that maintains the office, any relationship between or among that entity and Plaintiffs, and what functions that office performs (e.g., storage, storefront, office space, etc.).
    c. Identify any other facts that Plaintiffs intend to allege to support the assertion that "defendant must have known the brunt of the harm was likely to be suffered in the forum state" on page 4 of the Opposition to Defendant's Motion to Dismiss (ECF No. 38).
2. A 30(b)(6) deposition on the information provided in response to the interrogatories above.

Defendants request an order requiring Plaintiffs to produce the information requested above.

\* \* \* \* \*

The parties agree that discovery requests, objections, responses, or other papers not filed with the Court may be served on all counsel of record via email. The parties agree that pleadings and papers served by ECF or by email shall be sufficient and deemed to effect service of the same such that there is no obligation or requirement to also serve by United States mail. The parties further agree service by email is to be accomplished using the following email addresses for each side (or additional addresses as further requested by any party):

For Plaintiffs: jweinberger@fzlz.com; peudy@fzlz.com; mconrad@conmetkane.com; wmetlitzky@conmetkane.com; jlanier@conmetkane.com

For Defendant: drutowski@orrick.com; lrindskopf@orrick.com; xiangwang@orrick.com

### III. Proposed Discovery Schedule

Should the Court order the discovery requested above, the parties jointly propose the following schedule for jurisdictional discovery in this action. The parties will meet and confer in good faith to discuss any modifications that may be required to the Court-ordered schedule.

| Action | Proposed Deadline |
|---|---|
| Parties[1] to Serve Written Discovery Requests | December 6, 2024 |
| Parties to Serve Responses and Objections to Written Discovery Requests | December 20, 2024 |
| Parties meet and confer over Written Discovery Requests | January 6, 2024 |
| Defendant to Produce Documents and parties to provide Supplemental Responses in Response to Written Requests to the extent agreed by the parties | February 6, 2025 |
| Rule 30(b)(6) Deposition of Defendant and Plaintiffs to be Completed (limited to three hours and to be held by Zoom) | March 6, 2025 |
| Plaintiffs to File Amended Complaint (jurisdictional allegations only) | March 20, 2025 |

---

[1] If the Court orders Plaintiffs to produce the discovery Defendants request above, then this deadline need only apply to Plaintiffs.

|     |                           |                                              |
| --- | ------------------------- | -------------------------------------------- |
|     |                           | Respectfully submitted,                      |
|     | Dated: November 20, 2024  | CONRAD METLITZKY KANE LLP                    |
|     |                           | FROSS ZELNICK LEHRMAN & ZISSU, P.C.          |

By: /s/ James D. Weinberger
      James D. Weinberger

*Attorneys for Plaintiffs*

Dated: November 20, 2024    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Diana M. Rutowski
      Diana M. Rutowski

*Attorneys for Defendant*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, James D. Weinberger hereby attests that concurrence in the filing of this document has been obtained.

Dated: November 20, 2024    /s/ James D. Weinberger
      James D. Weinberger