1  MARK R. CONRAD (CA Bar No. 255667)
   JESSICA LANIER (CA Bar No. 303395)
2  WARREN METLITZKY (CA Bar No. 220758)
   **CONRAD | METLITZKY | KANE LLP**
3  217 Leidesdorff Street
   San Francisco, California 94111
4  Tel: (415) 343-7100
   Fax: (415) 343-7101
5  Email: mconrad@conmetkane.com
   Email: jlanier@conmetkane.com
6  Email: wmetlitzky@conmetkane.com

7  JAMES D. WEINBERGER (*pro hac vice*)
   PARKER C. EUDY (*pro hac vice*)
8  **FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
   151 West 42nd Street, 17th Floor
9  New York, New York 10036
   Tel: (212) 813-5900
10 Fax: (212) 813-5901
   Email: jweinberger@fzlz.com
11 Email: peudy@fzlz.com

12 *Attorneys for Plaintiffs*

13                    **UNITED STATES DISTRICT COURT**
14                   **NORTHERN DISTRICT OF CALIFORNIA**

15
   SAGE GLOBAL SERVICES LIMITED;        **CASE NO. 5:23-cv-04534-BLF-VKD**
16 SAGE SOFTWARE, INC.,
                                        **FIRST AMENDED COMPLAINT FOR:**
17              Plaintiffs,
                                        (1) Federal Trademark Infringement, 15
18        v.                                U.S.C. § 1114(1);

19 4TH PARADIGM (BEIJING)               (2) Federal Unfair Competition, 15 U.S.C. §
   TECHNOLOGY CO., LTD.,                    1125(a)(1)(a);
20
                Defendant.              (3) California Common Law Trademark
21                                          Infringement;

22                                      (4) California Unfair Competition, Cal. Bus.
                                            & Prof. Code § 17200
23

24                                      **DEMAND FOR JURY TRIAL**

25

26

27

28

Plaintiffs Sage Global Services Limited ("Sage Global") and Sage Software, Inc. ("Sage Software" and, together with Sage Global, "Sage"), by its attorneys Conrad Metlitzky Kane, LLP and Fross Zelnick Lehrman & Zissu, P.C., for their complaint against Defendant 4th Paradigm (Beijing) Technology Co., Ltd. ("4Paradigm"), allege as follows:

## Nature of the Action

1.      Sage is a leader in the provision of a broad range of business software services and solutions, including finance, human resource, payroll, customer relationship management, and supply chain management software services and solutions. Many of Sage's software offerings utilize artificial intelligence ("AI") and machine learning to help customers perform administrative tasks more quickly and accurately. Sage has used its SAGE trademark (the "SAGE Mark") throughout the United States for over thirty years in connection with its software services and solutions.

2.      Over the last several years, 4Paradigm has been gradually expanding to the United States to market, promote, offer for sale, and sell products and services under the mark SAGE in connection with its enterprise AI software solutions and services. In particular, upon information and belief, among other activities related to 4Paradigm's offering and sale of SAGE-branded products and services in the United States, 4Paradigm has attended trade show events in the United States to promote and showcase SAGE-branded products and software offerings, participated in competitions based in California in connection with 4Paradigm's SAGE-branded software offerings, and entered into agreements with at least one company in California providing for the deployment of SAGE-branded software in the United States and entered into communications and contracts with a number of U.S. companies' Chinese affiliates.

3.      4Paradigm has been informed that its conduct is unlawful, but it remains undeterred and continues to provide its services under the infringing mark. Accordingly, Sage brings claims against 4Paradigm for trademark infringement in violation of Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. In connection with these claims, Sage seeks both injunctive and monetary relief.

### Jurisdiction and Venue

4.     The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338 (a) & (b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367.

5.     The Court has personal jurisdiction over 4Paradigm because it obtained investments from California, such as 4Paradigm's largest investor, Sequoia Capital, which is headquartered in this District at 2800 Sand Hill Road, Suite 101, Menlo Park, California 94025, and because 4Paradigm directed and targeted its actions at California and its residents. Furthermore, 4Paradigm targeted research institutions in this District, such as Stanford University, for collaboration and development of its products.  The claims in this Complaint arise from and relate to 4Paradigm's actions, including its marketing and sale of software solutions and services to California businesses and residents under the mark SAGE.

6.     Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims occurred in this District, and the threatened and actual harm to Sage occurred in this District, as Sage maintains offices at 300 Park Avenue Unit 1400, San Jose, California 95110. Alternatively, venue is proper because 4Paradigm is subject to the Court's personal jurisdiction.

### The Parties

7.     Plaintiff Sage Global Services Limited is a British private limited company with its principal place of business at C23 - 5&6, Cobalt Park Way, Cobalt Park, Newcastle Upon Tyne NE28 9EJ, United Kingdom. Sage Global is an intellectual property holding company and a wholly owned subsidiary of The Sage Group Plc, which maintains offices in the United States, including but not limited to in this District.

8.      Plaintiff Sage Software, Inc. is a Virginia corporation with its principal place of business at 271 17th Street NW, Suite 1100, Atlanta, Georgia 30363. Sage Software is a wholly owned subsidiary of The Sage Group Plc.

9.      Upon information and belief, Defendant 4th Paradigm (Beijing) Technology Co., Ltd. is a Chinese joint stock company with its principal place of business at LO901-1, Floor 9, Building 1, No. 66 Qinghe Middle Street, Haidian District, Beijing, China.

**Facts Common to All Claims**

**A.      Sage and Its Products and Services**

10.     Sage was founded in 1981 in the United Kingdom and expanded into the United States market in 1991.

11.     Since 1991, Sage has used its SAGE Mark in the United States in connection with its finance, human resource, payroll, customer relationship management, and supply chain management software services and solutions.

12.     As explained on Sage's website at _https://www.sage.com/en-us/company/_, Sage is the "market leader in cloud business management solutions, supporting millions of small and medium size businesses globally." Sage provides its software solutions to small and medium-sized businesses across a variety of industries, such as construction, financial services, healthcare, hospitality, and manufacturing.

13.     Sage is known for its innovative software solutions, many of which utilize AI and machine learning technology. Sage relies on AI technology not only to help customers perform administrative tasks, with greater speed and accuracy and less human involvement, but also to deliver frictionless transactions, and digital connections across their customers business ecosystems. Sage has made significant investments in recent years in AI and machine learning. _See https://www.sage.com/investors/about-us/innovation/._

14.     Sage is committed to integrating AI technology into its software solutions. To that end, Sage has created an AI department comprising experts across seven countries to deliver AI projects across Sage by "build[ing] composable AI solutions that transform Sage into an AI-

enabled technology business." *See https://medium.com/sage-ai/sage-has-an-ai-team-why-would-you-care-33ce446ede31*.

15.     AI technology is integral to Sage's business model and enables Sage to deliver continuous accounting, trust, and insights to customers. For example, Sage's digital network, which is known as "Sage Network," utilizes AI technology to automate workflows between businesses regardless of whether they use a Sage software solution or a non-Sage software solution. In addition, the Sage Network utilizes AI technology to suggest to a user the best next action in workflow, to automate workflows, and to analyze data, detect patterns and generate insight and recommendations to a user about how his or her business can optimize key outcomes related to collections, payments, and other objectives. *See e.g. https://www.globenewswire.com/en/news-release/2023/05/24/2675272/0/en/Enhancing-Financial-Operations-Sage-Network-Continues-to-Drive-the-Evolution-of-Digital-Connected-Accounting.html*.

16.     Sage's business operates under the SAGE Mark and has achieved considerable commercial success in the United States.

17.     Sage has invested a significant amount of time, effort, and money in developing and promoting its products and services offered under the SAGE Mark. As a result of these efforts and the marketplace success of the products and services offered under the SAGE Mark, the SAGE Mark has come to identify Sage exclusively and uniquely, and represents enormous goodwill. Indeed, Sage has become a market leader in the field.

18.     In addition to Sage's extensive common law rights in the SAGE Mark, Sage Global owns several federal registrations for the SAGE Mark and SAGE-inclusive marks. Specifically, Sage owns the following federal trademark registrations: U.S. Reg. No. 2,240,550; U.S. Reg. No. 2,880,566; U.S. Reg. No. 3,238,564; and U.S. Reg. No. 6,585,273.

- SAGE, U.S. Reg. No. 2,240,550, is for "providing information regarding promotional products and business forms by means of software which accesses a

database via a global computer network" in International Class 42. It was registered on April 20, 1999 based on first use in interstate commerce in January 1992.

- SAGE, U.S. Reg. No. 2,880,566, is for "computer software, namely, applications for providing access to and control of databases containing text and graphics, and programs for providing on-line access to a database containing information regarding the promotional products and business forms industries; and accompanying documentation for use with all of the above" in International Class 9. It was registered on September 7, 2004 based on first use in interstate commerce in January 1992.

- SAGE, U.S. Reg. No. 3,238,564, is for "Computer software for use in managing accounting and business information, retrieving accounting and business information, viewing accounting and business information, managing contacts and performing accounting functions in the fields of business management, information services, and research systems; computer software for use in electronic commerce to allow users to perform electronic business transactions via a global computer network, electronic mail, Internet website hosting, Internet website development, and Internet access; and accompanying user manual documentation for use with all of the above" in International Class 9; "Business management services for the promotional products and business forms industries" in International Class 35; "Electronic commerce payment services, namely electronically capturing and processing payment transactions" in International Class 36; "Electronic transmission of data and documents via computer terminals; and electronic mail services" in International Class 38; and "Computer consulting services for business; computer services, namely, designing and implementing network web pages for others; and customized software development and programming" in International Class 42. It was registered on May 8, 2007 based on first use in

interstate commerce in January 2002 for goods and services in International Class 36, and January 1992 for all other goods and services.

- SAGE BUSINESS CLOUD, U.S. Reg. No. 6,585,273, is for "Business management software; financial management software; accounting software; payroll software; payment and banking software; software for the management of human resources; enterprise resource planning software; client relationship management software; contact management software; electronic commerce software; software for management of sales, customer service, distribution, inventory, manufacturing; computer software providing business intelligence and business predictive analytics and enabling business collective intelligence; business management software for mobile phones, smart phones, and tablet computers; downloadable computer software for providing a cloud platform offering business management software including, financial, accounting, payroll, payment, banking, sales, human resources, treasury, and enterprise resource planning software; computer software that provides real-time, integrated business management intelligence by combining information from various databases and presenting it in an easy-to-understand user interface; treasury management software; financial and business management software; computer software for integration into a variety of systems and applications, including social media platforms for business and financial management; computer software that includes artificial intelligence for business data processing; computer software using blockchain technology for business and financial management; computer hardware, namely, computers and modems sold in connection with aforementioned software" in International Class 9; "business networking and subscription management services as a subscription agent between publishers and customers provided via a computer-based networking web site featuring collaboration, message control, and bots, to provide a secure method for persons to communicate and share information with others; subscription

FIRST AMENDED COMPLAINT

management services as a subscription agent between publishers and customers that streamline business workflows and communications to accomplish tasks across disparate applications and systems; presentation of goods on communication media, for retail advertising purposes; providing of office functions; book-keeping; computerised file management publication of publicity texts; public relations services; invoicing; compilation and systemisation of information into computer databases; data capture and processing for business purposes; electronic shopping retail store services connected with financial management software, business management software and information management software; operating an electronic marketplace for buyers and sellers of business management software applications on a global computer network; none of the aforementioned services in relation to scholarly, academic, professional, medical, scientific and technical training or education" in International Class 35; and "Computer programming; computer programming for mobile phones, smart phones, and tablet computers; providing temporary use of non-downloadable software for business and financial management; provision of software services from a computer database or the internet featuring software for business and financial management; provision of online software services featuring software for business and financial management; Software-as-a-Service (SaaS) featuring software for business management, financial management, accounting, sales, payroll, banking, human resources, payment, treasury, client relationship management, electronic commerce, customer service and business intelligence; software as a service (SAAS) services featuring software platform for business messaging and execution of business processes; hosting platforms in the Internet; hosting online web facilities for others for sharing online content; hosting a website for businesses that enables collaboration, message control, and bots, to provide a secure method for persons to communicate and share information with others; cloud computing featuring software for business

management, financial management, accounting, sales payroll, banking, human resources, payment, treasury, client relationship management, electronic commerce, customer service and business intelligence; design, analysis, installation, configuration, maintenance, upkeep, updating, development and provision of computer software; design, analysis, installation, configuration, maintenance, upkeep, updating, development and provision of computer software for mobile phones, smart phones, and tablet computers; design, analysis, installation, configuration, maintenance, upkeep, updating, development and provision of a cloud platform featuring computer software; computer software consultancy, design, programming and development relating to artificial intelligence for business data processing; providing temporary use of non-downloadable computer software in the nature of a platform for business intelligence and predictive analytics, and enabling business collective intelligence; providing temporary use of on-line non-downloadable computer software application development tools; providing temporary use of on-line non-downloadable software for managing data processing systems, databases, and information systems; electronic storage of data, including files, documents, images and text; rental and leasing of computers, data processing apparatus, software, and computer timesharing services; website hosting services; website maintenance; computerised analysis of data and information, namely, data mining; research, consultancy and information services in relation to computer software, the development of data processing systems, database design and development; data conversion of computer programs and data, not physical conversion; conversion of data or documents from physical to electronic media; computer systems analysis; recovery of computer data; duplication of computer programs; technical consultation on software; technical support to the detection of software defects and correction of said defects; support line, namely, technical support to the use, detection and correction of software defects; all of the

1    aforementioned related to business management software" in International Class

2    42.  It was registered on December 14, 2021 on the basis of foreign trademark

3    registrations.

4  Attached hereto as **Exhibit 1** are true and correct copies of the certificates of registration for these

5  registrations. The above registrations are valid, subsisting, and in full effect. Moreover, the first

6  three above-referenced registrations have become incontestable under Section 15 of the Lanham

7  Act, 15 U.S.C. § 1065, and therefore serve as conclusive proof of Sage Global's exclusive right to

8  use the SAGE Mark in connection with the goods and services identified therein, as provided by

9  Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

10  **B.    4Paradigm's Wrongful Conduct**

11       19.    According to its website, *https://en.4paradigm.com/about/index.html*, 4Paradigm

12  was "[f]ounded in September 2014" and "offer[s] platform-centric AI solutions and leverage[s]

13  core technologies to develop end-to-end enterprise-class AI products that can be rapidly deployed

14  by enterprises on a large scale to uncover hidden patterns in data and comprehensively enhance

15  decision-making capabilities."

16       20.    Recently, 4Paradigm has begun to market and sell several products that incorporate

17  the SAGE Mark. According to its website, 4Paradigm sells a "Generative AI" product called

18  "SageGPT" as well as the following "Decision AI" platforms and solutions under the SAGE

19  Mark:

20         • Sage AIOS, an "Enterprise AI Operating System";

21         • Sage App Store, an "AI Application Market" with applications related to

22            "Smart Finance" and other business needs;

23         • Sage LaunchPad, a "One-stop AI application launch platform";

24         • Sage Studio, an "AI app development and launch platform";

25         • Sage HyperCycle, an "automated machine learning platform";

26         • Sage Knowledge Base, a "Full-process knowledge graph building platform";

27         • SageOne, a "Software-defined computing platform";

28

1 • SageExpress, an AI-powered data discovery tool.

2 21. Upon information and belief, 4Paradigm has marketed and sold its software

3 solutions and services to businesses throughout California and the United States.

4 22. Upon information and belief, at 4Paradigm's offices in Beijing, China, which it

5 occupied until August 2024, 4Paradigm maintained a wall showing visitors and employees the

6 names and trademarks of dozens of 4Paradigm's customers and contacts around the world. The

7 names and trademarks of those entities are superimposed upon a map of the world, and many of

8 the customers – such as Mazda, Yum China Holdings, Inc., KFC, and Kérastase – are located in

9 the United States. An image from 2023 showing the wall of customers' names and trademarks in

10 4Paradigm's office is shown here:

11

12 

23 23. Upon information and belief, 4Paradigm has business relationships and/or

24 agreements with numerous companies and/or subsidiaries of companies that are based in the

25 United States, including but not limited to Yum China Holdings, Inc. (which owns various brands

26 such as KFC and Pizza Hut, and which is listed on the New York Stock Exchange and has offices

27 in the United States), the National Basketball Association, Starbucks, Burger King, Kérastase (a

28

brand owned by L'Oreal), Budweiser, and Mazda. Upon information and belief, 4Paradigm has provided products and services under the SAGE Mark to many of these and other customers in the United States, many of which appear in the photograph from 4Paradigm's offices shown above.

24.    In January 2020, 4Paradigm attended the Consumer Electronics Show (the "CES Event"), organized by the Consumer Technology Association and held in Las Vegas, Nevada. At the CES Event, 4Paradigm showcased its "Prophet Sage" platform and "SageOne" software system and product series, and 4Paradigm unveiled its graphical interactive AI tool "SageExpress."

25.    At the CES Event, 4Paradigm marketed and promoted its products and services under the SAGE Mark using workstations and displays prominently featuring the SAGE Mark. 4Paradigm also passed out brochures at the CES Event. Photographs of 4Paradigm's workstations and displays at the CES Event in Las Vegas, Nevada are shown here:







26.    4Paradigm's attendance at the CES Event and its demonstrations of its SAGE-branded products and services at the event have received significant news coverage. *See, e.g.*, https://ww.fashionnetwork.com/news/Glimpses-of-future-fashion-and-beauty-tech-at-ces-in-las-vegas,1178467.html#christian-dior; https://www.sohu.com/a/366120988_162522; and https://k.sina.com.cn/article_2447658795_91e44f2b02700kh9x.html.

27.    In December 2020, 4Paradigm announced an agreement with the California-based e-commerce business Yescom USA Inc. ("Yescom") to sell Yescom various software platforms and products that would enable Yescom "to provide personalized marketing services for millions

1    of English-speaking consumers in the United States." *See*

2    https://en.4paradigm.com/content/details_10_3252.html.

3         28.     Upon information and belief, under the agreement between 4Paradigm and

4    Yescom, 4Paradigm agreed to complete the installation and deployment of 4Paradigm's Sage EE

5    platform for use by Yescom in California.

6         29.     Upon information and belief, 4Paradigm has received significant investments from

7    investment firms and financial institutions in the United States, including Goldman Sachs and

8    California-based Sequoia Capital. Sequoia Capital is 4Paradigm's largest foreign investor.

9         30.     4Paradigm participated in the Association for Computing Machinery's Knowledge

10    and Data Mining Cup (the "KDD Cup"), held in San Diego, California in August 2020. At the

11    KDD Cup, 4Paradigm co-sponsored a competition titled "AutoML for Graph Representation

12    Learning." The competition was also sponsored by Stanford University and Google, and the

13    winner of the competition received $33,000. *See* https://www.prnewswire.com/news-releases/kdd-

14    2020-invites-top-data-scientists-to-compete-in-24th-annual-kdd-cup-301045903.html. 4Paradigm

15    promotes its participation in this event on the homepage of its website.

16         31.     4Paradigm has received several awards and recognition from industry groups based

17    in the United States for its products and services offered under the SAGE Mark. For example,

18    upon information and belief, in 2022, 4Paradigm submitted an application that consisted of

19    materials featuring a conceptual interface for 4Paradigm's Sage AIOS operating system in a

20    competition hosted by the Industrial Designers Society of America ("IDSA"). 4Paradigm's Sage

21    AIOS operating system subsequently received recognition on IDSA's website. *See*

22    https://www.idsa.org/awards-recognition/idea/idea-gallery/4paradigm-sage-aios/.

23         32.     In March 2023, the U.S. Department of Commerce's Bureau of Industry and

24    Security blacklisted 4Paradigm and added 4Paradigm to its "Entity List" "for acquiring and

25    attempting to acquire U.S.-origin items in support of the China's military modernization efforts."

26    Additions and Revisions of Entities to the Entity List, 88 Fed. Reg. 13674 (Mar. 6, 2023)

27    (amending 15 C.F.R. part 744). The Entity List "identifies entities for which there is reasonable

28

1  cause to believe, based on specific and articulable facts, that the entities have been involved, are

2  involved, or pose a significant risk of being or becoming involved in activities contrary to the

3  national security or foreign policy interests of the United States." *Id.*

4     33. In June 2024, 4Paradigm CEO Dai Wenyuan sat for an interview with Bloomberg

5  TV, available at https://www.bloomberg.com/news/videos/2024-06-20/chinese-ai-firm-

6  4paradigm-on-impact-of-us-sanctions-video, about the launch of 4Paradigm's "Sage platform

7  5.0," or Sage AIOS. 4Paradigm's CEO stated during the interview that 4Paradigm has more than

8  130 customers that are "Fortune 500 and listed companies," including Starbucks, Burger King and

9  KFC. Upon information and belief, many of these customers use 4Paradigm's SAGE products and

10  services and operate in the United States, and 4Paradigm itself does not know where its customers

11  have deployed its SAGE products.

12     34. Confirming this, according to the website of technological research and

13  management consulting firm Gartner, Inc. ("Gartner"), at least three businesses have purchased

14  one of 4Paradigm's SAGE-branded products and left reviews on Gartner's website stating that

15  they deployed the product in the United States. *See* https://www.gartner.com/reviews/market/

16  multipersona-data-science-and-machine-learning-platforms/vendor/4paradigm. 4Paradigm touts

17  Gartner as a reliable source on the homepage of its website.

18     35. 4Paradigm's SAGE mark is confusingly similar to Sage's SAGE Mark in sight,

19  sound, and meaning.

20     36. Upon information and belief, 4Paradigm's advertisement, promotion, and offering

21  of its goods and services under its SAGE mark are directed to the same consumers as the goods

22  and services offered by Sage under the SAGE Mark.

23     37. 4Paradigm is not associated or affiliated with Sage and has never been authorized

24  or otherwise licensed by Sage to use the SAGE Mark, or any trade names or trademarks

25  confusingly similar thereto, in connection with any goods or services.

26

27

28

38.    In September 2022, counsel for Sage sent letters to 4Paradigm to notify 4Paradigm of Sage's ownership of and exclusive rights to use the SAGE Mark. 4Paradigm responded three months later that it would not cease use of the SAGE mark.

39.    In January 2023, the United Kingdom Intellectual Property Office ("UKIPO") rejected 4Paradigm's applications to register 4PARADIGM SAGE as a word mark and a figurative mark for nearly all of the goods and services in 4Paradigm's applications. The UKIPO based its decision on a finding of likelihood of confusion between 4Paradigm's applied-for marks and the SAGE Mark.

40.    In light of the UKIPO's refusal of 4Paradigm's applications, in March 2023, Sage sent follow-up letters to 4Paradigm, again notifying 4Paradigm of Sage's ownership of and exclusive rights to use the SAGE Mark, particularly in light of the UK.

41.    In July 2023, 4Paradigm responded to Sage and offered to settle the dispute by offering: (i) not to use the SAGE mark unaccompanied (whether as a word mark or design mark) in China; and (ii) not to apply to register in China any mark containing "SAGE" followed by non-distinctive terms. 4Paradigm did not substantively respond to Sage's remaining demands concerning use and registration of marks containing "SAGE" in jurisdictions outside of China.

42.    Upon information and belief, 4Paradigm selected and has used the SAGE mark with actual and constructive knowledge of Sage's ownership of and exclusive rights to use the SAGE Mark and with the intent to trade off of the significant goodwill symbolized by and the strong industry recognition of the SAGE Mark.

43.    4Paradigm commenced use of its SAGE mark long after Sage commenced use of the SAGE Mark, and long after Sage developed substantial goodwill in the SAGE Mark.  As such, Sage has priority.

44.    Upon information and belief, 4Paradigm's conduct is intentional, willful, and wanton.

**C.        Harm Caused by 4Paradigm's Infringing Conduct**

45.        Upon information and belief, in adopting trademarks that are confusingly similar to the SAGE Mark, 4Paradigm sought to benefit from the recognition and goodwill of the SAGE Mark.

46.        Sage has a significant presence in California, employing approximately nearly 500 people in California, with over 300 based in the San Jose office in this District. In fiscal year 2024, in California alone, Sage generated tens of millions in revenue from direct sales to thousands of customers as well as from sales to customers via Sage's distributors, and sales in California accounted for over 10% of Sage's sales revenue in the United States.

47.        As a result of 4Paradigm's use of its SAGE mark in connection with its marketing and sale of enterprise AI software solutions and services in California and the United States, the consuming public is likely to be confused, deceived, and misled into believing that solutions and services offered by 4Paradigm under the SAGE mark are offered, licensed, authorized, endorsed, or sponsored by Sage.

48.        Further, the goodwill that Sage has built up in the SAGE Mark in California and the United States is put at risk by 4Paradigm's appropriation and encroaching use of the confusingly identical SAGE mark. 4Paradigm's unauthorized acts unfairly and unlawfully wrest from Sage control over its SAGE Mark and its reputation, particularly because 4Paradigm has been publicly blacklisted by the U.S. Department of Commerce's Bureau of Industry and Security for national security reasons and because Sage has no control over the quality of 4Paradigm's goods and services offered under the SAGE mark. As a result, Sage's extremely valuable reputation is being irreparably damaged. If 4Paradigm's conduct is not enjoined, it will continue to injure the value of the SAGE Mark and the ability of that mark to indicate goods and services emanating from a single source, namely, Sage.

49.        4Paradigm's infringing activities have caused and will continue to cause irreparable damage to the business and goodwill of Sage unless permanently restrained by this Court.

50.        Sage has no adequate remedy at law.

**Count I: Federal Trademark Infringement**

**15 U.S.C. § 1114(1)**

51.    Sage repeats and realleges each and every allegation contained in paragraphs 1 through 50 above as if fully set forth herein.

52.    Sage's rights in the federally registered SAGE Mark developed long prior to any use of the SAGE mark by 4Paradigm.

53.    4Paradigm's SAGE mark is confusingly similar to Sage's registered SAGE Mark.

54.    4Paradigm's goods and services offered under the SAGE mark are identical or closely related to the goods and services offered by Sage under the SAGE Mark.

55.    4Paradigm's actions described above are likely to cause confusion and mistake and to deceive potential customers and the general public as to the source, origin, and/or sponsorship of 4Paradigm's goods and services offered under the SAGE mark, and are likely to deceive the public into believing that such goods and services are provided, authorized, endorsed, or sponsored by Sage, thereby damaging Sage's reputation, goodwill, and sales.

56.    Upon information and belief, 4Paradigm's conduct is willful, deliberate, and in bad faith, and undertaken with actual or constructive knowledge that 4Paradigm has no right, license, or authority to use Sage's registered SAGE Mark or any trade name or mark confusingly similar thereto.

57.    4Paradigm's unauthorized use of the SAGE mark is intended to reap the benefit of the goodwill that Sage has developed in Sage's registered SAGE Mark and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58.    4Paradigm's aforesaid conduct has caused and is causing irreparable injury to Sage, and, unless enjoined by this Court, will continue both to damage Sage and to deceive the public. Sage has no adequate remedy at law.

**Count II: Unfair Competition and False**

**Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

59.     Sage repeats and realleges each and every allegation contained in paragraphs 1 through 58 above as if fully set forth herein.

60.     Sage's rights in the SAGE Mark developed long prior to any use of the SAGE mark by 4Paradigm.

61.     4Paradigm's SAGE mark is confusingly similar to Sage's SAGE Mark.

62.     4Paradigm's goods and services offered under the SAGE mark are identical or closely related to the goods and services offered by Sage under the SAGE Mark.

63.     4Paradigm's conduct is likely to cause confusion or to cause mistake or to deceive consumers, users, and the public as to the affiliation, connection, or association between 4Paradigm and Sage, and/or as to the origin, sponsorship, or approval of 4Paradigm's services.

64.     4Paradigm's unauthorized use of the SAGE mark falsely and misleadingly represents 4Paradigm as being legitimately connected with and/or authorized by Sage, and places beyond Sage's control its own reputation and goodwill.

65.     Upon information and belief, 4Paradigm's conduct is willful, deliberate, and in bad faith, and undertaken with full knowledge that 4Paradigm has no right, license, or authority to use any mark confusingly similar to Sage's SAGE Mark.

66.     As a result of the foregoing, 4Paradigm has falsely designated the origin of its goods and services offered under its SAGE mark and has engaged in unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

67.     4Paradigm's aforesaid conduct has caused and is causing irreparable injury to Sage, and, unless enjoined by this Court, will continue both to damage Sage and to deceive the public. Sage has no adequate remedy at law.

**Count III: California Common Law Trademark Infringement**

68.     Sage repeats and realleges each and every allegation contained in paragraphs 1 through 67 above as if fully set forth herein.

69.     The aforesaid conduct of 4Paradigm violates at least Sage's common law rights in the SAGE Mark under California law.

70.     Sage has used the SAGE Mark continuously since at least 1991 in California.

71.     4Paradigm's use of the SAGE mark infringes on Sage's rights. 4Paradigm's use of the SAGE mark has caused and is likely to continue to cause confusion as to the source, origin, and/or sponsorship of 4Paradigm's goods and services offered under the SAGE mark, and are likely to deceive the public into believing that such goods and services are provided, authorized, endorsed, or sponsored by Sage, thereby damaging Sage's reputation, goodwill, and sales.

72.     4Paradigm's aforesaid conduct has caused and is causing irreparable injury to Sage, and, unless enjoined by this Court, will continue both to damage Sage and to deceive the public. Sage has no adequate remedy at law.

**Count IV: California Unfair Competition**

**Under Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

73.     Sage repeats and realleges each and every allegation contained in paragraphs 1 through 72 above as if fully set forth herein.

74.     The aforesaid conduct of 4Paradigm – trademark infringement and false designation of origin – constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

75.     4Paradigm's conduct is causing immediate and irreparable injury to Sage and will continue both to damage Sage and deceive the public unless enjoined by this Court. Sage has no adequate remedy at law.

**WHEREFORE**, Sage demands judgment as follows:

1.     Entering judgment for Sage on each of its claims.

2.     Directing that 4Paradigm, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with it, be immediately and permanently enjoined from:

        (a)     infringing the SAGE Mark;

1           (b)     falsely designating the origin, sponsorship, or affiliation of its business,

2  goods, or services;

3           (c)     using the SAGE Mark or any derivation or colorable imitation thereof, or

4  any name or mark that is confusingly similar thereto, including the SAGE mark (collectively,

5  "Prohibited Marks"), in connection with the promotion, marketing, and offering of any goods or

6  services;

7           (d)     seeking to register any of the Prohibited Marks or any derivation or

8  colorable imitation thereof, or any name or mark that is confusingly similar thereto;

9           (e)     making or employing any other commercial use of any of the Prohibited

10  Marks;

11           (f)     making or displaying any statement or representation that is likely to lead

12  the public or the trade to believe that 4Paradgim's goods and services are in any manner associated

13  or affiliated with or approved, endorsed, licensed, sponsored, or authorized by or otherwise

14  connected with Sage;

15           (g)     using any other false designation of origin or any other thing calculated or

16  likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or

17  public into believing that 4Paradigm's activities are in any way sponsored, licensed, endorsed, or

18  authorized by, or affiliated or connected with, Sage;

19           (h)     doing any other acts or things calculated or likely to cause confusion or

20  mistake in the mind of the public or to lead purchasers, consumers, investors, or educational

21  institutions into the belief that the goods and services promoted or offered by 4Paradigm emanate

22  from or originate with Sage, or are somehow sponsored, licensed, endorsed, or authorized by, or

23  affiliated or connected with, Sage;

24           (i)     engaging in any other activity constituting unfair competition with Sage;

25  and

26           (j)     I aiding, assisting, or abetting any other party in doing any act prohibited by

27  sub-paragraphs (a) through (i) above.

28

3.      Directing that 4Paradigm deliver up to Sage's attorneys for destruction all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in its possession or under its control incorporating, featuring, or bearing the Prohibited Marks or any other simulation, reproduction, copy, or colorable imitation thereof.

4.      Directing that 4Paradigm transfer or cause to be transferred to Sage any domain names owned by 4Paradigm that incorporate any of the Prohibited Marks and execute all necessary documents to effectuate such transfer(s).

5.      Directing that 4Paradigm file with the Court and serve upon Sage's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

6.      Awarding Sage such damages it has sustained or will sustain by reason of 4Paradigm's acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

7.      Awarding Sage all damages, including 4Paradigm's profits, that are recoverable under Cal. Bus. & Prof. Code §§ 17200 *et seq*.

8.      Awarding Sage all other recoverable gains, profits, property, and advantages derived by 4Paradigm from its unlawful conduct.

9.      Awarding to Sage exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

10.     Awarding to Sage its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

11.     Awarding to Sage interest, including pre-judgment interest on the foregoing sums.

12.     Awarding to Sage such other and further relief as the Court may deem just and proper.

1    DATED: March 20, 2025                    Respectfully submitted,

2                                             CONRAD METLITZKY KANE LLP

3

4
                                             _/s/ James D. Weinberger_____
5                                            MARK R. CONRAD
                                             JESSICA LANIER
6                                            WARREN METLITZKY

7

8                                            FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                             JAMES D. WEINBERGER (*pro hac vice*)
9                                            PARKER C. EUDY (*pro hac vice*)

10                                           *Attorneys for Plaintiffs*

11                      **DEMAND FOR JURY TRIAL**

12        Plaintiffs Sage Global Services Limited and Sage Software, Inc. hereby demand trial by

13   jury in this action.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   - 22 -